Alexander Hemsley, III, Esq.
**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**
Glenpointe Centre West
500 Frank W. Burr Boulevard
Teaneck, New Jersey 07666
 (201) 928-1100
Attorneys for Plaintiffs,
The Boards of Trustees of the International
Union of Operating Engineers Local 825 Pension Fund,
Operating Engineers Local 825 Welfare Fund,
Operating Engineers Local 825 Apprenticeship Training & Re-Training Fund,
Operating Engineers Local 825 Supplemental Unemployment Benefit Fund,
Operating Engineers Local 825 Saving Fund, Operating Engineers
Local 825 Profit Sharing Fund f/k/a Operating Engineers
Local 825 Annuity Fund

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE BOARDS OF TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 PENSION FUND, OPERATING ENGINEERS LOCAL 825 WELFARE FUND, OPERATING ENGINEERS LOCAL 825 APPRENTICESHIP TRAINING & RE-TRAINING FUND, OPERATING ENGINEERS LOCAL 825 SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, OPERATING ENGINEERS LOCAL 825 SAVING FUND, and OPERATING ENGINEERS LOCAL 825 PROFIT SHARING FUND f/k/a OPERATING ENGINEERS LOCAL 825 ANNUITY FUND,<br><br>Plaintiffs,<br>v.<br><br>NORTH JERSEY CRANE SERVICE, INC. and BOB HEGARTY'S NORTH JERSEY CRANE SERVICES, LLC,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT** |

Plaintiffs, the Boards of Trustees of the International Union of Operating Engineers Local

825 Pension Fund, Operating Engineers Local 825 Welfare Fund, Operating Engineers Local

2218880

825 Apprenticeship Training & Re-Training Fund, Operating Engineers Local 825 Supplemental Unemployment Benefit Fund, Operating Engineers Local 825 Saving Fund, and Operating Engineers Local 825 Profit Sharing Fund f/k/a Operating Engineers Local 825 Annuity Fund (collectively, the "Boards of Trustees" or "Plaintiffs"), by way of Complaint against defendants, North Jersey Crane Service, Inc. ("North Jersey Crane") and Bob Hegarty's North Jersey Crane Services, LLC ("Bob Hegarty's") (North Jersey Crane and Bob Hegarty's are, collectively, "Defendants"), hereby state as follows:

## NATURE OF THE ACTION

1.	Plaintiffs bring this action pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended ("ERISA"), 29 U.S.C. §§1132(a)(3) and 1145, and Section 301 of the Labor-Management Relations Act of 1947 (the "LMRA" or "Taft-Hartley Act"), 29 U.S.C. §185, seeking legal, injunctive and equitable relief as a result of violations of ERISA, and breaches of a Collective Bargaining Agreement between Local Union No. 825, affiliated with the International Union Of Operating Engineers, AFL-CIO ("Local 825") and North Jersey Crane.

## JURISDICTION AND VENUE

2.	This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1337, Sections 502(a), (e), (f) and (g) and 4301(a), (b) and (c) of ERISA, 29 U.S.C. §1132(a), (e), (f) and (g) and §1451(a), (b) and (c), and Section 301 of the LMRA, 29 U.S.C. §185.

3.	Venue properly lies in this District pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §1132(e)(2) and §1451(d), and Section 301 of the LMRA, 29 U.S.C. §185. Additionally, venue properly lies in this District pursuant to 28 U.S.C. §1391, because Plaintiffs maintain their principal place of business in this District and Defendants reside in and are subject

to personal jurisdiction in this District, and a substantial part of the events and/or omissions giving rise to Plaintiffs' claims occurred in this District.

## THE PARTIES

4. The Boards of Trustees have a principal place of business at 65 Springfield Avenue, Second Floor, Springfield, New Jersey 07081 and are the Trustees of the following jointly-administered, multi-employer, labor-management trust funds: Operating Engineers Local 825 Pension Fund, Operating Engineers Local 825 Welfare Fund, Operating Engineers Local 825 Apprenticeship Training and Re-Training Fund, Operating Engineer Local 825 Supplemental Unemployment Benefit Funds, Operating Engineers Local 825 Savings Fund, and Operating Engineers Local 825 Profit Sharing Fund f/k/a Operating Engineers Local 825 Annuity Fund (collectively, the "Funds").

5. The Funds are established and maintained pursuant to collective bargaining agreements in accordance with Sections 302(c)(5) and (c)(6) of the LMRA, 29 U.S.C. §186(c)(5), (c)(6). Each of the Funds is an employee benefit plan within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§1002(1), (2), (3) and 1132(d)(1), and a multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. §§1002(37) and 1145.

6. The Funds are also maintained pursuant to Agreements and Declarations of Trust (the "Trust Agreements") for the purposes of collecting and receiving contributions from employers who are obligated by collective bargaining agreements ("CBAs") with Local 825 to contribute to the Funds on behalf of employees performing work covered by the CBAs.

7. In accordance with the Trust Agreements, the Trustees promulgated the Employer Contribution Collection Policy and Procedures ("Collections Policy") setting forth additional

policies and procedures for the purposes of collecting and receiving contributions from employers.

8. The CBAs, the Trust Agreements, and the Collections Policy are plan documents within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Funds are third-party beneficiaries of the CBAs.

9. The Boards of Trustees are fiduciaries within the meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §§1002(21) and 1132, and bring this action in their fiduciary capacity, on behalf of the Funds, their participants and beneficiaries.

10. Defendant, North Jersey Crane, is a corporation organized and existing pursuant to the laws of the State of New Jersey, with a principal place of business at 60 West River Styx Road, Hopatcong, New Jersey 07843.

11. At all times relevant herein, North Jersey Crane has been an "employer" within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§1002(5) and 1145, and has been an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185.

12. Defendant, Bob Hegarty's, is a limited liability company organized and existing pursuant to the laws of the State of New Jersey, and also has a principal place of business at 60 West River Styx Road, Hopatcong, New Jersey 07843.

13. At all times relevant herein, Bob Hegarty's has been an "employer" within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§1002(5) and 1145, and has been an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185.

## FACTS COMMON TO ALL COUNTS

**The Collective Bargaining Agreements**

14. At all times relevant herein, North Jersey Crane was a party to CBAs with Local 825, covering workers engaged in the operation of power equipment (as defined in the CBAs), used in the construction, alteration and repair of buildings, structures, bridges, bridge approaches, viaducts, shafts, tunnels, subways, foundations, streets, highways, sewers, sewage disposal plants, filtering plants, incinerators, piers, docks, dams, dredging, port works, river and harbor improvements, pipelines, pipeline water crossings, temporary pipe fittings, sinking of wellpoints, all piping in connection with wellpoints, burning and welding, installing, repairing and maintaining of all equipment, fitting up, dismantling, repairing and maintaining and operating of machinery when done on the job, and such other work as by custom has been performed by workmen in the fields of construction outlined in the CBAs (the "Covered Work"), within the State of New Jersey and Delaware, Ulster, Sullivan, Rockland, and Orange Counties within the State of New York.

15. The CBAs contain specific provisions governing wages, hours, manpower referrals and staffing, manning and other working conditions of those employees of North Jersey Crane that perform Covered Work.

16. The CBAs require North Jersey Crane to make wage payments in accordance with the wage schedules and job classifications attached and made part of the CBA.

17. The CBAs also require North Jersey Crane to make contributions to the Funds in specified amounts on behalf of its employees performing Covered Work.

18. The CBAs require that North Jersey Crane abide by the Trust Agreements and Collections Policy.

19. The CBAs further provide that North Jersey Crane will agree to execute a Collective Bargaining Agreement with Local 825 covering any subsidiary corporation or any separate corporation engaged in construction work which North Jersey Crane or its officers have formed, may form or have a direct or indirect interest therein.

20. The CBAs additionally provide that all construction operations which involve the use of "Operating Engineers" will be done by companies having a Collective Bargaining Agreement with Local 825, and that North Jersey Crane shall not utilize subsidiary corporations or other corporations in which North Jersey Crane or its officers have a direct or indirect interest to engage in non-Union construction activities with the effect of depriving the employees of North Jersey Crane (a party to the CBAs) of work opportunities on the terms and conditions set forth in the CBAs.

21. Moreover, pursuant to the terms of the CBAs with Local 825, as well as the Trust Agreements and Section 515 of ERISA, 29 U.S.C. §1145, North Jersey Crane was required, *inter alia*, to pay wages to its employees and contributions to the Funds on behalf of its employees performing Covered Work at the rates and times set forth in the CBAs.

22. North Jersey Crane remained a party to CBAs with Local 825 until June 30, 2017, at which time North Jersey Crane's then-current CBA with Local 825 expired and was not thereafter renewed (the "Termination Date").

**The Audit of North Jersey Crane**

23. Pursuant to the CBAs, Trust Agreements, and Collections Policy, the Funds conducted an audit of North Jersey Crane's books and records (the "Audit"), covering the period from January 2012 to December 2014 (the "Audit Period").

24. The Audit revealed that North Jersey Crane failed to make all required contributions to the Funds.

25. The Audit revealed that the total amount due and owing to the Funds was $538,475.19, comprised of $351,958.63 in contributions due, plus liquidated damages in the amount of $70,391.73, plus interest in the amount of $80,703.97 (through January 2, 2018), plus audit fees in the amount of $35,420.86.

26. The Funds have demanded payment of these sums from North Jersey Crane.

27. Despite the Funds' demand, North Jersey Crane has neglected, failed and refused, and continues to neglect, fail and refuse, to pay any of the amount due and owing to the Funds, and the full amount of $538,475.19 remains outstanding as of this date.

**The Interrelationship Between North Jersey Crane and Bob Hegarty's**

28. In the words of the owner of Bob Hegarty's, North Jersey Crane and Bob Hegarty's "have always exclusively operated as a family business." And, because they are "a family business, [they] share everything."

29. North Jersey Crane was formed as a New Jersey corporation in June 1980 by Robert Hegarty, Sr.

30. Robert Hegarty, Sr. is the Vice President of North Jersey Crane, while his wife, Cathy G. Hegarty, is the President of North Jersey Crane.

31. As previously noted, North Jersey Crane has a principal place of business at 60 West River Styx Road, Hopatcong, New Jersey 07843. The building located at 60 West River Styx Road, Hopatcong, New Jersey is a single-family home owned jointly by Robert Hegarty, Sr. and Cathy G. Hegarty.

32. Robert Hegarty, Sr. and Cathy G. Hegarty have two children: Catherine E. Hegarty and Robert Hegarty, Jr.

33. Bob Hegarty's was formed as a New Jersey limited liability corporation in January 2012 by Catherine E. Hegarty. She is the Member and Manager of Bob Hegarty's.

34. According to Catherine E. Hegarty, Bob Hegarty's was formed in 2012 because Robert Hegarty, Sr. and Cathy G. Hegarty "wanted to begin transferring assets, such as cranes and other equipment," to her.

35. Towards that end, in 2012, three cranes were transferred from North Jersey Crane to Bob Hegarty's.

36. Bob Hegarty's likewise has a principal place of business at 60 West River Styx Road, Hopatcong, New Jersey 07843. Catherine E. Hegarty resides at 60 West River Styx Road, Hopatcong, New Jersey with her parents, and her business office is in the basement of that residence. In fact, North Jersey Crane and Bob Hegarty's share the same business office in the basement of 60 West River Styx Road, Hopatcong, New Jersey.

37. Catherine E. Hegarty has declared under penalty of perjury that "since its formation," Bob Hegarty's "has had an identical business purpose to [North Jersey] Crane, specifically, providing crane services for a wide range of projects that require heavy lifting, such as roof trusses, heating, ventilation, air conditioning units, solar panels, generators, art installations, and cell towers."

38. Both entities have also provided crane rentals with certified operators, operate in the same general geographical area, and serve the same or similar customers.

39. Catherine E. Hegarty has worked for both North Jersey Crane and Bob Hegarty's, and has "transferred" between these two companies several times. During her employment with North Jersey Crane, Catherine E. Hegarty was authorized to supervise Bob Hegarty's employees.

40. Since 2012, Catherine E. Hegarty has handled the bookkeeping and payroll for both North Jersey Crane and Bob Hegarty's. She has also handled the purchasing of the workers' compensation insurance policy for North Jersey Crane and Bob Hegarty's.

41. North Jersey Crane and Bob Hegarty's are insured under a single workers' compensation insurance policy, issued by American Alternative Insurance Corp.

42. During an October 2019 deposition, Catherine E. Hegarty testified that she is authorized to speak for North Jersey Crane.

43. Catherine E. Hegarty was also responsible for scheduling jobs and assigning crane operators to jobsites for both North Jersey Crane and Bob Hegarty's.

44. Robert Hegarty, Jr. has also worked for both North Jersey Crane and Bob Hegarty's. During the time that Robert Hegarty, Jr. was employed by North Jersey Crane, he held a union book with Local 825. Nevertheless, during the period that he held his union book with Local 825 and was employed by North Jersey Crane, Robert Hegarty, Jr. performed Covered Work for Bob Hegarty's on Bob Hegarty's projects. Robert Hegarty, Jr. was assigned to the Bob Hegarty's projects by Catherine E. Hegarty.

45. Additionally, mechanics and other employees hired by Bob Hegarty's worked on North Jersey Crane's equipment, including its cranes.

46. Upon information and belief, other employees worked for both North Jersey Crane and Bob Hegarty's, and were likewise "transferred" between these two companies several times.

47. Robert Hegarty, Sr. provides "mentoring" services to Bob Hegarty's.

48. Robert Hegarty, Sr. provides advice to Bob Hegarty's crane operators.

49. Robert Hegarty, Sr. had and has the authority to give directions to both North Jersey Crane and Bob Hegarty's crane operators.

50. Either Robert Hegarty, Sr. or Robert Hegarty, Jr. sit in with Catherine E. Hegarty on the interviews of potential employees for Bob Hegarty's.

51. Robert Hegarty, Sr., Cathy G. Hegarty and Catherine E. Hegarty have regularly conferred about and discussed business issues related to both North Jersey Crane and Bob Hegarty's, including, but not limited, to customer and project-related matters, pricing, equipment, and personnel.

52. Robert Hegarty, Sr., Cathy G. Hegarty and Catherine E. Hegarty would mutually decide which equipment, such as cranes, to buy and sell, and which cranes to use on specific jobs.

53. Robert Hegarty, Sr., Cathy G. Hegarty and Catherine E. Hegarty would confer about personnel-related matters for both North Jersey Crane and Bob Hegarty's, including employment-related needs, and all had authority to take any action related to employees for both companies as necessary, including hiring and firing decisions. In fact, Robert Hegarty, Sr. – who, as noted, was the Vice President of North Jersey Crane – made the independent decision to hire an individual named Joseph Sabina as a crane operator for Bob Hegarty's. Mr. Sabina was paid by Bob Hegarty's.

54. Bob Hegarty's will share money with North Jersey Crane, if needed.

55. Bob Hegarty's additionally provides certain administrative and clerical services to North Jersey Crane.

56. North Jersey Crane and Bob Hegarty's share the same construction equipment, including cranes. In fact, Bob Hegarty's would rent the cranes owned by North Jersey Crane to Bob Hegarty's customers.

57. All construction equipment shared between North Jersey Crane and Bob Hegarty's is stored at a yard located at 254 Center Street, Landing, New Jersey 07850. The companies did not rent equipment to each other.

58. Bob Hegarty's has been the corporate guaranty/co-signer on the financing for at least one crane purchased by North Jersey Crane.

59. All North Jersey Crane and Bob Hegarty's employees report to work at the yard located at 254 Center Street, Landing, New Jersey.

60. North Jersey Crane and Bob Hegarty's each use Robert A. Skuba as its accountant. The respective accounting records, corporate records, Federal and State tax returns, and payroll records of both North Jersey Crane and Bob Hegarty's are kept at 60 West River Styx Road, Hopatcong, New Jersey, or with Mr. Skuba. Additionally, records for both companies, including personnel records, were stored on the same computer in the same office in the basement of 60 West River Styx Road, Hopatcong, New Jersey.

61. Upon information and belief, North Jersey Crane and Bob Hegarty's each used Britt J. Simon, Esq., of the Simon Law Group and Ford Harrison LLP as its legal counsel.

62. Upon information and belief, North Jersey Crane and Bob Hegarty's have referred customers to each other.

63. Upon information and belief, North Jersey Crane and Bob Hegarty's have worked on the same projects and/or jobsites, and each has been succeeded by the other on certain projects and/or jobsites.

64. As of the present date, all of the cranes previously owned by North Jersey Crane have been transferred to Bob Hegarty's. Additionally, North Jersey Crane has transferred other equipment and "all [of its] customers" to Bob Hegarty's.

65. Furthermore, Robert Hegarty, Sr., Cathy G. Hegarty, and Robert Hegarty, Jr. all currently work for Bob Hegarty's.

66. Based upon the facts identified in Paragraphs 28 through 65, and based upon further information and belief, North Jersey Crane and Bob Hegarty's, have had and continue to have substantially-identical management, business purpose, operation, equipment, customers, supervision, and ownership.

67. Upon information and belief, Bob Hegarty's was, and is, a veiled continuance of North Jersey Crane that allowed North Jersey Crane to avoid its obligations to the Funds and/or Local 825.

68. Upon information and belief, Bob Hegarty's was, and is, merely a technical change of operations of North Jersey Crane and/or a "disguised continuation" of North Jersey Crane.

69. Upon information and belief, Bob Hegarty's is an alter ego and/or successor of North Jersey Crane and the CBAs between Local 825 and North Jersey Crane and the documents governing the Funds apply to Covered Work performed by both North Jersey Crane and Bob Hegarty's, up to and including the Termination Date.

70. At all times relevant herein, both North Jersey Crane and Bob Hegarty's have performed Covered Work.

71. As an alter ego and/or successor of North Jersey Crane, Bob Hegarty's is jointly liable for, with North Jersey Crane, inter alia, all debts owed to the Funds and/or Local 825 by

12

North Jersey Crane and Bob Hegarty's, including, inter alia, the sum of $538,475.19, comprised of $351,958.63 in contributions due, plus liquidated damages in the amount of $70,391.73, plus interest in the amount of $80,703.97 (through January 2, 2018), plus audit fees in the amount of $35,420.86, for all outstanding contributions incurred since the Audit Period (up to and including the Termination Date), plus liquidated damages, interest, attorneys' fees and costs, and for all outstanding contributions owed to the Funds for Covered Work performed by Bob Hegarty's up to and including the Termination Date.

72. Based upon the facts identified in Paragraphs 28 through 65, and based upon further information and belief, North Jersey Crane and Bob Hegarty's have been and continue to be part of a single, integrated enterprise with interrelated operations, common management, centralized control of labor relations, and common ownership.

73. Because Bob Hegarty's is part of a single, integrated enterprise with North Jersey Crane, Bob Hegarty's is jointly liable for, with North Jersey Crane, inter alia, all debts owed to the Funds and/or Local 825 by North Jersey Crane and Bob Hegarty's, including, inter alia, the sum of $538,475.19, comprised of $351,958.63 in contributions due, plus liquidated damages in the amount of $70,391.73, plus interest in the amount of $80,703.97 (through January 2, 2018), plus audit fees in the amount of $35,420.86, for all outstanding contributions incurred since the Audit Period (up to and including the Termination Date), plus liquidated damages, interest, attorneys' fees and costs, and for all outstanding contributions owed to the Funds for Covered Work performed by Bob Hegarty's (up to and including the Termination Date).

**FIRST COUNT**
**(For Delinquent Contributions – North Jersey Crane – ERISA)**

74. Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 73 of the Complaint as if fully set forth at length hereafter.

13

75. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. §1145.

76. The Audit of North Jersey Crane's books and records revealed that North Jersey Crane failed to make all required contributions to the Funds during the Audit Period.

77. As a result of its failure to contribute $351,958.63 to the Funds as identified in the Audit during the Audit Period, North Jersey Crane has breached its CBAs with Local 825 and Section 515 of ERISA, 29 U.S.C. §1145.

78. Additionally, upon information and belief, since the conclusion of the Audit Period and continuing up to and including the Termination Date, North Jersey Crane neglected, failed and refused, and continues to neglect, fail and refuse, to make all required contributions to the Funds.

79. Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), provides that, upon a finding that an employer violated Section 515 of ERISA, 29 U.S.C. §1145, the plan is entitled to judgment for the amount of delinquent contributions plus interest and liquidated damages at rates prescribed by the documents and instruments governing the plan, and the reasonable attorneys' fees and costs incurred by the plan in prosecuting the action.

80. Moreover, pursuant to documents and instruments governing the Funds, including the CBAs and the Trust Agreements, employers whose contributions are delinquent are required to pay interest at the Prime Interest Rate plus 2.0% per annum, liquidated damages of 20% of the principal amount due, attorneys' fees and costs, and audit fees.

81. Accordingly, in connection with Covered Work performed during the Audit Period, North Jersey Crane is liable to the Funds for $351,958.63 in contributions due, plus liquidated damages in the amount of $70,391.73, plus interest in the amount of $80,703.97 (through January 2, 2018) (and interest that continues to accrue), plus audit fees in the amount of $35,420.86, plus attorneys' fees and costs.

82. North Jersey Crane is also liable to the Funds for any and all outstanding contributions incurred since the Audit Period and continuing up to and including the Termination Date, plus liquidated damages, interest, attorneys' fees and costs.

83. Because North Jersey Crane and Bob Hegarty's are alter egos, North Jersey Crane is also liable to the Funds for all outstanding contributions owed to the Funds for Covered Work performed by Bob Hegarty's up to and including the Termination Date.

84. Despite demand for payment, no part of the outstanding contributions, liquidated damages, interest, attorneys' fees and costs has been paid.

85. As a result, Plaintiffs have suffered and will continue to suffer damages.

## SECOND COUNT
**(For Delinquent Contributions – Bob Hegarty's – Alter Ego)**

86. Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 85 of the Complaint as if fully set forth at length hereafter.

87. At all times relevant herein, Bob Hegarty's was and is the alter ego and/or successor of North Jersey Crane

88. As the alter ego and/or successor to North Jersey Crane, Bob Hegarty's is liable to the Funds for the liabilities and/or obligations of North Jersey Crane stemming from the Audit Period, as well as those liabilities and/or obligations of North Jersey Crane that have arisen since the Audit Period and continuing up to and including the Termination Date.

89. Therefore, Bob Hegarty's is liable to the Funds for the liabilities and/or obligations of North Jersey Crane stemming from the Audit Period, including, <u>inter alia</u>, the $351,958.63 in contributions due, plus liquidated damages in the amount of $70,391.73, plus interest in the amount of $80,703.97 (through January 2, 2018) (and interest that continues to accrue), plus audit fees in the amount of $35,420.86, plus attorneys' fees and costs.

90. Bob Hegarty's is also liable to the Funds for the liabilities and/or obligations of North Jersey Crane that have arisen since the Audit Period and continuing up to and including the Termination Date, including, <u>inter alia</u>, any and all outstanding contributions incurred since the Audit Period, plus liquidated damages, interest, attorneys' fees and costs.

91. Because North Jersey Crane and Bob Hegarty's are alter egos, Bob Hegarty's is also liable to the Funds for all outstanding contributions owed to the Funds for Covered Work performed by Bob Hegarty's up to and including the Termination Date.

92. Despite demand for payment, no part of the outstanding contributions, liquidated damages, interest, attorneys' fees and costs has been paid.

93. As a result, Plaintiffs have suffered and will continue to suffer damages.

## THIRD COUNT
### (For Delinquent Contributions – Bob Hegarty's – Single Employer)

94. Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 93 of the Complaint as if fully set forth at length hereafter.

95. At all times relevant herein, Bob Hegarty's and North Jersey Crane have been part of a single, integrated enterprise, with interrelated operations, common management, centralized control of labor relations, and common ownership.

96. At all times relevant herein, Bob Hegarty's has shared and continues to share a "single-employer" status with North Jersey Crane

97. Because Bob Hegarty's is part of a single, integrated enterprise with North Jersey Crane and has shared and continues to share a "single-employer" status with North Jersey Crane, Bob Hegarty's is liable to the Funds for the liabilities and/or obligations of North Jersey Crane stemming from the Audit Period, as well as those liabilities and/or obligations of North Jersey Crane that have arisen since the Audit Period and continuing up to and including the Termination Date.

98. Therefore, Bob Hegarty's is liable to the Funds for the liabilities and/or obligations of North Jersey Crane stemming from the Audit Period, including, inter alia, the $351,958.63 in contributions due, plus liquidated damages in the amount of $70,391.73, plus interest in the amount of $80,703.97 (through January 2, 2018) (and interest that continues to accrue), plus audit fees in the amount of $35,420.86, plus attorneys' fees and costs.

99. Bob Hegarty's is also liable to the Funds for the liabilities and/or obligations of North Jersey Crane that have arisen since the Audit Period and continuing up to and including the Termination Date, including, inter alia, any and all outstanding contributions incurred since the Audit Period, plus liquidated damages, interest, attorneys' fees and costs.

100. Because Bob Hegarty's is part of a single, integrated enterprise with North Jersey Crane and has shared and continues to share a "single-employer" status with North Jersey Crane, Bob Hegarty's is also liable to the Funds for all outstanding contributions owed to the Funds for Covered Work performed by Bob Hegarty's up to and including the Termination Date.

101. Despite demand for payment, no part of the outstanding contributions, liquidated damages, interest, attorneys' fees and costs has been paid.

102. As a result, Plaintiffs have suffered and will continue to suffer damages.

## FOURTH COUNT
### (For Delinquent Contributions – Bob Hegarty's – CBA)

103. Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 102 of the Complaint as if fully set forth at length hereafter.

104. Upon information and belief, North Jersey Crane and/or its officers have a direct and/or indirect interest in Bob Hegarty's

105. Upon information and belief, at all times relevant herein, Bob Hegarty's was and is a "subsidiary" and/or "separate" corporation of North Jersey Crane and/or its officers, within the meaning of North Jersey Crane's CBAs with Local 825, and is therefore bound by the terms of North Jersey Crane's CBAs with Local 825.

106. Because Bob Hegarty's was and is a "subsidiary" and/or "separate" corporation of North Jersey Crane and/or its officers within the meaning of North Jersey Crane's CBAs with Local 825, Bob Hegarty's is liable to the Funds for the liabilities and/or obligations of North Jersey Crane stemming from the Audit Period, as well as those liabilities and/or obligations of North Jersey Crane that have arisen since the Audit Period and continuing up to and including the Termination Date.

107. Therefore, Bob Hegarty's is liable to the Funds for the liabilities and/or obligations of North Jersey Crane stemming from the Audit Period, including, inter alia, the $351,958.63 in contributions due, plus liquidated damages in the amount of $70,391.73, plus interest in the amount of $80,703.97 (through January 2, 2018) (and interest that continues to accrue), plus audit fees in the amount of $35,420.86, plus attorneys' fees and costs.

108. Bob Hegarty's is also liable to the Funds for the liabilities and/or obligations of North Jersey Crane that have arisen since the Audit Period and continuing up to and including the Termination Date, including, inter alia, any and all outstanding contributions incurred since the Audit Period, plus liquidated damages, interest, attorneys' fees and costs.

109. Because Bob Hegarty's was and is a "subsidiary" and/or "separate" corporation of North Jersey Crane and/or its officers within the meaning of North Jersey Crane's CBAs with Local 825, Bob Hegarty's is also liable to the Funds for all outstanding contributions owed to the Funds for Covered Work performed by Bob Hegarty's up to and including the Termination Date.

110. Despite demand for payment, no part of the outstanding contributions, liquidated damages, interest, attorneys' fees and costs has been paid.

111. As a result, Plaintiffs have suffered and will continue to suffer damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, on the First through Fourth Counts of the Complaint:

a. Restraining and permanently enjoining Defendants from violating the CBAs, and adjudging that Bob Hegarty's is bound by the terms of the CBAs up to and including the Termination Date;

b. Granting judgment in favor of the Boards of Trustees for money damages in the amount of the contribution delinquency due and owing to the Boards of Trustees of the Funds as a result of the Defendants' actions, and for money damages in the amount of the contribution delinquencies that continued to accrue and become due and owing to the Boards of Trustees of the Funds as a result of the Defendants' actions up to and including the Termination Date;

c. Allowing the Funds to conduct a formal audit of Bob Hegarty's books and records;

d. Pre-judgment interest;

e. Post-judgment interest;

f. Liquidated damages in the amount of twenty percent (20%) of the employee benefit fund contribution delinquency;

19

g.  Audit fees;

h.  Reasonable attorneys' fees and costs of suit; and

i.  For such other and further relief that this Court deems equitable, just and proper.

Dated: December 24, 2019    By: /s/ Alexander Hemsley, III
　　　　　　　　　　　　　　　　　Alexander Hemsley, III, Esq.
　　　　　　　　　　　　　　　　　DeCOTIIS, FITZPATRICK, COLE & GIBLIN, LLP
　　　　　　　　　　　　　　　　　Glenpointe Centre West
　　　　　　　　　　　　　　　　　500 Frank W. Burr Blvd.
　　　　　　　　　　　　　　　　　Teaneck, NJ 07666
　　　　　　　　　　　　　　　　　AHemsley@decotiislaw.com
　　　　　　　　　　　　　　　　　(201) 928-1100
　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I hereby certify that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, and is not the subject of any pending arbitration or administrative proceeding. I am not currently aware of any other party who should be joined in this action.

I certify under penalty of perjury that the foregoing is true and correct.   Executed on this 24th day of December, 2019

　　　　　　　　　　　　　　　　　/s/ Alexander Hemsley, III
　　　　　　　　　　　　　　　　　Alexander Hemsley, III, Esq.
　　　　　　　　　　　　　　　　　DeCOTIIS, FITZPATRICK COLE & GIBLIN, LLP
　　　　　　　　　　　　　　　　　Glenpointe Centre West
　　　　　　　　　　　　　　　　　500 Frank W. Burr Blvd.
　　　　　　　　　　　　　　　　　Teaneck, NJ 07666
　　　　　　　　　　　　　　　　　AHemsley@decotiislaw.com
　　　　　　　　　　　　　　　　　(201) 928-1100
　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*